Merrimack, }
May 2, 1922. }

### MILLEGE LAIRD v. BOSTON & MAINE RAILROAD.

A physician, testifying as an expert, may properly be asked on cross-examination whether he would modify his opinion if a certain author, an admitted authority, stated differently in his text-book upon the subject.

The argument of counsel that the plaintiff's resources, as compared with the defendant's, answered the charge that the plaintiff was at fault for not producing certain witnesses subsequently called by the defendant was unexceptionable.

CASE, for negligence, being the same action heretofore reported. *Ante*, 58. Trial by jury and verdict for the plaintiff.

Subject to exception, the plaintiff was permitted to cross-examine an expert witness, called by the defendant, as to whether he would modify his opinion if Dr. Wood (an admitted authority) stated differently in his text-book upon the subject.

There were also exceptions to the argument of counsel.

Transferred from the April term, 1921, of the superior court by *Marble*, J.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. William N. Rogers* orally), for the defendant.

PEASLEE, J. The exception to evidence has been argued upon the theory that the plaintiff used the published opinion of an acknowledged authority as the basis for the cross-examination of the defendant's expert witness. The use of standard authorities to discredit such a witness is a matter upon which there is much diversity of opinion. The general practice in this state has been to permit such use upon cross-examination. *State* v. *Wood*, 53 N. H. 484; *Burnham* v. *Stillings*, 76 N. H. 122.

The objection to such procedure upon the ground that it violates the hearsay rule and permits the use of opinions which are not subject to cross-examination is unsound, or else it proves too much. If the opinion of one who is an authority cannot be used at all unless the holder of it be sworn and be subject to cross-examination, by what logic can the same inadmissible opinion be used as a basis for the admissible opinion of the expert witness? The opinion of the expert,

qualified by study, is admitted as an exception to the hearsay rule. It is known to be founded upon the assertions of others. 1 Wig., Ev. s. 687. Whether it shall be admitted or rejected depends upon the witness' familiarity with the hearsay. Unless he is thoroughly versed in that hearsay, he is not qualified to testify. The reasoning of courts excluding inquiries about the authorities, upon the cross-examination of the expert, leads directly to the conclusion that the opinion of the expert should have been excluded. If the cross-examination puts before the jury the unsworn opinion of the authority, the direct testimony of the expert does the same thing, with the added infirmity involved in his recollection of what the authorities say.

The objection to this procedure is unsound for another reason. It appearing that certain printed books are received by the profession as authorities and as truly setting forth the views of certain authors, opinions based thereon are admitted in evidence. When the witness is confronted with the contents of one of these books which denies the views he has expressed, the issue presented is not whether the book states the true opinion of the author, but whether the witness has honestly and intelligently read and applied what is set down in the books. *Baldwin* v. *Gaines,* 92 Vt. 61.

The argument which has prevailed in some jurisdictions is that the result of such cross-examination is to put before the jury, as positive evidence, the unsubstantiated opinions of the authorities referred to. The assertion that the object of counsel is not attained unless this is so (*Allen* v. *Railway,* 212 Mass. 191), is not warranted by the situation presented. The books abound in instances of evidence admissible and received for one purpose, but not for another. Before the improper use, or the objectionable motive, can be dealt with there must be proof of their existence. Neither is to be inferred from the mere fact that it might exist. The view that the opinions used upon cross-examination thereby become positive evidence leaves wholly out of consideration the fact that such opinions, being the foundation for the witness' opinion, are used solely to test its value, and assumes that trial courts and juries are either unable or unwilling to deal intelligently and fairly with restricted evidence. *Darling* v. *Westmoreland,* 52 N. H. 401, 412. The inference that such use of the authorities was treated as substantive evidence is not drawn in this state, in the absence of proof. "It cannot be inferred from the record of the cross-examination of Dr. Beaton that counsel understood he was putting the dispensatory into the case as substantive evidence,

or was doing anything except seeking admissions from the witness to weaken the force of his testimony." *Burnham* v. *Stillings, supra,* 127.

Neither the illogical rule that hearsay should be received upon the direct testimony of an expert and excluded from his cross-examination, nor the idea that all expert opinion should be excluded because it violates the hearsay rule, has been adopted in this state. Opinions are here received whenever it appears that they will be helpful. *State* v. *Killeen,* 79 N. H. 201, 202, and cases cited. And since the opinions are received, the just and reasonable corollary is that their value is open to investigation. The opponent may be permitted to test this value for various reasons and in various ways. There may be occasion to inquire whether the opinion is an honest one. Does it really express the views of the witness? If it be honest, does it represent the unanimous hearsay conclusion, or only a fragment of it? Has the witness made himself familiar with all the useful hearsay upon the subject, or only a part? Having testified to the sum of the useful hearsay, he may justly be inquired of touching the units of which the sum is composed.

Cases where there is an evident abuse of this right by reading extended extracts from the authorities under the pretence of asking questions, or where the standing of the author (the fact that he is one of the authorities) rests upon the assertion of counsel, are not in point here. It was proved that Dr. Wood is an eminent authority, and the question objected to related directly and simply to the point in issue.

No fact which tends directly to qualify or discredit the opinion given by the witness can be held to be inadmissible upon his cross-examination, as matter of law. The whole field of hearsay knowledge upon the subject is open to such investigation because of the nature of the opinion which has been received. How far this field can profitably be explored in a given case, is a matter to be determined by the justice who presides at the trial. His conclusion one way or the other is one of fact, and therefore not reviewable here. *Nawn* v. *Railroad,* 77 N. H. 299.

The present case is like *State* v. *Wood, supra,* where such cross-examination was permitted. The position that the case is distinguishable from the present one upon the ground that it there appeared that the witness testified as to knowledge gained by reading, is not well taken. The witness in the present case was shown to be testifying, in part at least, upon authority rather than from experience.

He would not have been permitted to testify as an expert unless such were the fact. "To allow any physician to testify who claims to know solely by personal experience is to appropriate the witness-stand to impostors." 1 Wig., Ev. s. 687.

The defendant also claims that the situation is comparable to that which arose at the first trial, where the verdict was set aside in this court because the defendant had been permitted to show that the plaintiff passed the draft examination. *Laird* v. *Railroad, ante,* 58. The distinction is apparent. If on that trial the plaintiff had relied upon his inability to pass that examination, or had in any way put that question in issue, the evidence would have been competent. If on this trial the witness had not relied upon the authorities as the source from which he drew his opinion, the evidence objected to would have been inadmissible. In the first trial the plaintiff had not opened the hearsay question to inquiry. At the present trial the defendant had fairly put the state of the authorities in issue upon the question of the credit to be given to the opinion of the expert.

The exceptions to argument do not require extended consideration. There was sufficient evidence to warrant all the statements of fact that were made. The comparison of the resources of the parties was for a proper purpose. There was no appeal for a verdict upon the ground of the plaintiff's poverty or the defendant's large resources, but merely a legitimate argument that his resources, as compared with the defendant's, sufficiently answered the charge that he was in fault for not producing certain witnesses who were subsequently called by the defendant. *Hersey* v. *Hutchins,* 70 N. H. 130; *Lord* v. *Railway,* 74 N. H. 295, 297.

The last statement in argument to which objection is now made was not questioned at the trial and cannot be considered here.

*Exceptions overruled.*

SNOW, J., did not sit: the others concurred.