Coös,
Dec. 4, 1934.

MARY McCOURT v. JOHN TRAVERS.

*Matthew J. Ryan* and *Crawford D. Hening* (*Mr. Hening* orally), for the plaintiff.

*Coulombe & Coulombe* and *Ira W. Thayer* (*Mr. Ovide J. Coulombe* orally), for the defendant.

WOODBURY, J.   I.  The plaintiff received the injuries of which she complains while riding as a passenger on the back seat of an automobile owned and operated by the defendant.   Her evidence tends to

show that about four miles before the car reached the scene of the accident she heard the defendant speak to his companion on the front seat to the effect that the car was then going forty miles per hour, and that thereafter until the accident the speed of the car increased slightly. The accident occurred just beyond the brow of a hill. There the car swerved to the right, then to the left, then back to the right and off the road striking the roadside fence a glancing blow. The car did not turn over and the only damage to it, beside slight scratches, was a broken rear window and a bent front fender. The plaintiff's injuries were caused when she struck her head against the robe-rail on the rear of the front seat.

The defendant contends that the plaintiff's testimony in relation to the speed of the car at the time of the accident amounted to no more than a *scintilla* and so was insufficient to support a finding that the speed of the car was excessive, and that without this evidence there was nothing from which the jury could find that the defendant was negligent. This question does not appear to have been raised at the trial and so is not properly before us for consideration. We are, however, of the opinion that the evidence was sufficient.

Furthermore, the defendant's motions should have been denied even if there had been no evidence that the speed of the car was excessive. The defendant attributed the accident to his running upon a "hogback" or ridge about four inches high which extended across the road and which caused the car to swerve out of his control. There was ample evidence that no such ridge existed, which if believed by the jury, there being no evidence of mechanical defect in the car or physical defect in the driver, would have brought the case within the rule laid down in *Foss* v. *Baker,* 62 N. H. 247; *Emery* v. *Railroad,* 67 N. H. 434; and *Boucher* v. *Railroad,* 76 N. H. 91. The rule of these cases is best expressed in the following language from *Scott* v. *Company,* 3 H. & C. 596, quoted in the *Foss* and *Boucher* cases. "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant that the accident arose from want of care." The defendant's motions for a nonsuit and for a directed verdict were properly denied.

II. The defendant objected and excepted to a ruling of the court which permitted one of the plaintiff's medical experts to corroborate his previous oral testimony by reading to the jury an extract from a

medical book, the author of which was said by the witness to be a recognized authority. The passage from the book was read on re-direct examination. On cross-examination the defendant, after eliciting from the witness the fact that his opinion was based in part at least upon his reading, proceeded to inquire as to what books the witness had read. The passage was read from one of the books mentioned by the witness as having been relied upon by him as an author- · ity.

It was competent for the defendant to test the honesty and accuracy of the expert's opinion by reference to the authorities. *State* v. *Wood*, 53 N. H. 484; *Burnham* v. *Stillings*, 76 N. H. 122; *Laird* v. *Railroad*, 80 N. H. 377. Having elected to do so, he "put the state of the authorities in issue upon the question of the credit to be given to the opinion of the expert." *Laird* v. *Railroad, supra,* 380. Just as the defendant, on cross-examination may use the recognized authorities to detract from the credibility of an expert witness, so may the plaintiff, after the defendant has put the authorities in issue, use them to support the credit of his witness. Whether recognized authorities may be used as substantive evidence is a question not raised by the exception and is not passed upon. The defendant's exception is without merit.

III. Counsel for the plaintiff argued to the jury that one of the causes of the accident was that the car shimmied. Defendant's counsel objected to this argument on the ground of lack of evidence to sustain it, and the court allowed the exception and permitted the argument to stand. During the course of his argument on this point counsel stated, "You know as average men that once a car starts to shimmy you never can get it right." Upon objection being again made on the ground that counsel was testifying, the court ruled that the argument was improper and counsel withdrew it. After verdict, the court found on motion of the plaintiff that the latter error was "cured" by the retraction of counsel and that the verdict for the plaintiff was not affected thereby."

The finding of the court that the verdict was not affected by the part of the argument withdrawn presents no question for our consideration. *State* v. *Danforth*, 73 N. H. 215. But since the whole argument was neither retracted nor embraced within the ruling of the court, the exception to the argument that the car shimmied is before us for consideration.

The defendant's testimony on this point is that the car shimmied on about twelve occasions before the accident, that he twice had the

car repaired for this trouble, the last time about six weeks before the accident, and that it did not shimmy again. The testimony relied upon to justify the argument that the car shimmied in such a way as to cause the accident comes from the plaintiff. In response to the question of whether she noticed the car slowing down as it went up the hill before the accident, she replied, "Well, no, not until it began to quiver on the road." This vaguely descriptive phrase may not have referred to the motion of the car just prior to the accident, or it may have been the plaintiff's way of describing the motion of the car as it crossed the road or passed over the ditch at the side of the road, or as it went along the road which was admittedly rough. At the most it can amount to no more than a *scintilla* of evidence that the accident was caused by the car's shimmying.

In view of the testimony that the car was repaired six weeks before the accident and that thereafter it did not shimmy, the evidence that the car did shimmy prior to the repairs is obviously insufficient to justify the argument; and, in the light of the evidence as to repairs it may be observed, that even if there were evidence that the car did shimmy, it would not sustain the conclusion that the defendant was negligent on that account in driving the car at the time and place of the accident.

The other exceptions have either been abandoned or else are not likely to arise at the next trial and so need not be considered.

*New trial.*

All concurred.