Rockingham
No. 78-151

PATRICIA FOLGER

v.

VINCENT PETER CORBETT, M.D.

October 30, 1978

*Perkins, Holland, Donovan & Beckett,* of Exeter (*Robert B. Donovan* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden,* of Concord (*Michael P. Lehman* orally), for the defendant.

DOUGLAS, J.    The principal issue in this case is whether it is necessary for the plaintiff to produce expert testimony on the issue of informed consent. The defendant's motion for a nonsuit was granted at the close of plaintiff's case. Plaintiff's exceptions to the granting of the motion and an evidentiary ruling were reserved and transferred by the Trial Court (*Cann, J.*).

The defendant oral surgeon had removed the plaintiff's four wisdom teeth without complication in January 1972. Afterwards plaintiff felt a numbness on the right side of her tongue as a result of damage to her lingual nerve. At trial she called no expert witnesses, except the defendant.

Generally a doctor has a duty to inform his patient of the reasonable risks involved in an operation or treatment so that the patient can make an effective choice. *See Guarracino v. Beaudry*, 118 N.H. 435, 387 A.2d 1163 (1978). The defendant in this case did not inform the patient of any risk of damage to the lingual nerve. *See generally* J. Waltz and T. Scheuneman, *Informed Consent to Therapy*, 64 Nw. U.L. Rev. 628 (1970). In this State, we have long held that issues such as this are generally not within the competence of the average juror. "The problem still remains one of proper dental practice under the circumstances, and the correct solution of that problem depends upon the testimony of those who have technical knowledge on the subject." *April v. Peront*, 88 N.H. 309, 311–12, 188 A. 457, 459 (1936).

We see no reason to disturb the rule that whether a doctor uses ordinary care must generally depend on expert testimony. See RSA 507-C:1 III, :2 (Supp. 1977). *But see Mehigan v. Sheehan*, 94 N.H. 274, 51 A.2d 632 (1947). The motion for a nonsuit was properly granted.

Plaintiff also asserts error in the refusal of the trial court to admit into evidence a three-page medical journal article about lingual anesthesia during her examination of the defendant. The article was hearsay, but was properly admitted by the trial court for the limited purpose of testing the credibility of an expert witness. *Ordway v. Haynes*, 50 N.H. 159, 165 (1870); *Laird v. Boston & Maine R.R.*, 80 N.H. 377, 117 A. 591 (1922). We find no error.

*Exceptions overruled.*

All concurred.