Board of Dental Examiners
No. 81-174

## APPEAL OF DR. WERNER BEYER
### (New Hampshire Board of Dental Examiners)

November 5, 1982

936

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* on the brief and orally), for Dr. Werner Beyer.

*Gregory H. Smith*, attorney general (*Jeffrey R. Cohen*, assistant attorney general, on the brief and orally), for the State.

KING, C.J. Dr. Werner Beyer, a dentist in Nashua, New Hampshire, appeals a decision by the New Hampshire Board of Dental Examiners (board) to suspend his license to practice for thirty days and require him to attend continuing education classes. We affirm.

On August 29, 1978, James V. Bowles and Judith H. Bowles filed a complaint against Dr. Beyer with the New Hampshire Dental Society (society). Their complaint alleged that Dr. Beyer had negligently placed an implant in their daughter's mouth and had failed to warn them of the risks of the implant. Because Dr. Beyer refused to participate in the society's mediation procedure, the Bowleses referred their complaint to the board.

The board scheduled a hearing for September 5, 1979. Dr. Beyer requested that the hearing be conducted as a pre-hearing conference, and his request was granted. On December 6, 1979, the board held its first evidentiary hearing, at which both Dr. Beyer and the Bowleses were present with their respective counsel.

On December 10, 1979, Dr. Beyer filed a petition in the United States District Court for the District of New Hampshire seeking a determination that the complaint and the board's procedure had violated his constitutional right to due process. Additionally, the petition sought an injunction prohibiting the board from proceeding until a malpractice action which was pending in superior court, filed by the Bowleses against Dr. Beyer, was resolved. After an evidentiary hearing and specific findings, the Federal District Court (*Devine*, C.J.) denied Dr. Beyer's petition and granted summary judgment to the board. After the district court hearing one board member recused himself.

The board then continued to conduct hearings on the Bowleses' complaint until they sought to withdraw their complaint. The board allowed the Bowleses to withdraw, but decided to proceed with the hearings on its own. The board scheduled a hearing for July 7, 1980. Counsel for Dr. Beyer sent a motion for a continuance to the board on July 2, 1980, because he was to be involved in a trial in Grafton County on the day of the hearing. The board did not receive the motion for a continuance prior to the hearing and proceeded without the presence of Dr. Beyer and his counsel. On July 9, 1980, the board issued its decision, holding that Dr. Beyer had placed an implant in

Judith Bowles' mouth which damaged the roots of the tooth adjacent to the implant and that the implant was improperly contoured, causing severe periodontal damage. The board suspended Dr. Beyer's license for one year, but reduced the suspension to one month on the condition that Dr. Beyer attend four continuing education classes.

After the board's decision, Dr. Beyer again sought injunctive relief in federal district court. After that court denied relief, Dr. Beyer sought the same relief in superior court. Although the Superior Court (*Goode*, J.) granted Dr. Beyer's request for an injunction, this court granted a writ of prohibition.

Dr. Beyer filed a motion with the board either to set aside the decision of the board because he and counsel had been unable to attend the July 7, 1980, hearing, or to authorize a rehearing. The board granted Dr. Beyer a rehearing and permitted him to inquire into the possible prejudice of the board members by deposing them. Subsequently, the board issued its final order which reaffirmed the terms of the suspension. This court stayed the suspension pending the outcome of this appeal by Dr. Beyer.

■■ We begin our analysis by noting that the standard of review in this case is very narrow. We must uphold the board's decision unless it is unreasonable or based on an error of law. RSA 541:13; *Appeal of Peirce*, 122 N.H. 762, 765, 451 A.2d 363, 365 (1982). Dr. Beyer has raised a multiciplicity of detailed, repetitive and tendentious arguments, many of which are discussed in several different contexts. We discourage the duplication of arguments, and we will confine our review to what we have determined to be his basic arguments. *See Provencal v. Provencal*, 122 N.H. 793, 796, 451 A.2d 374, 376 (1982); *see also American Bd. of Trade, Inc. v. Dun & Bradstreet*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982).

■ Many of Dr. Beyer's arguments were rejected by the federal district court. These include the claims: (1) that a single act of malpractice does not constitute a basis for discipline by the board; (2) that the board's application of the 1979 amendments to RSA chapter 317-A constituted a retrospective statute; (3) that the Bowleses' complaint was defective; and (4) that the board improperly failed to schedule a preliminary hearing. Dr. Beyer is now collaterally estopped from relitigating these issues. *Bricker v. Crane*, 118 N.H. 249, 253, 387 A.2d 321, 323 (1978). For this reason, we will not consider any issues already determined by the federal district court.

■ Dr. Beyer argues that the board accepted the Bowleses' complaint because he was not a member of the society, and that this

motivation for acceptance was improper. In doing this, Dr. Beyer misconstrues the testimony given by one board member in federal court. While it may be true that if he had agreed to mediation by the society, the parties might have reached an agreement and the Bowleses might never have complained to the board, this fact does not indicate wrongful acceptance of the complaint by the board. The board was required to accept the complaint pursuant to its authority under RSA chapter 317-A. *See* RSA 317-A:17 (Supp. 1981) and RSA 317-A:18 (Supp. 1981) (amended 1981).

Dr. Beyer also attacks the participation of the public and dental hygiene members of the board in his hearing. He argues that the legislature did not intend the public and dental hygiene members to participate in hearings in which a dentist's license is being challenged. He relies on provisions of the statute that prohibit the public and dental hygiene members from participating in the examination of applicants for the clinical practice of dentistry. *See* RSA 317-A:4(a) and (b) (Supp. 1981) (amended 1981). In the provisions dealing with license suspensions and revocations, RSA 317-A:17 (Supp. 1981), the legislature made no similar prohibition regarding the participation of the public and dental hygiene members. It is clear that the legislature knew how to limit the involvement of board members in particular types of proceedings. If it had intended that the public and dental hygiene members not participate when a dentist's license was being challenged, it would have expressly provided for such exclusion.

Dr. Beyer argues that permitting the public and dental hygiene members to participate in the hearing violated his due process rights because they were unqualified to hear the complaint. Due process requires that the decision-maker hearing the complaint be fair and impartial. *Withrow v. Larkin*, 421 U.S. 35, 46–47 (1975). It does not require that the decision-maker be an expert in the underlying bases of the complaint. If this were true, trials before judges and juries could violate due process because judges and juries are not experts on every subject that is litigated.

Dr. Beyer argues that expert testimony is necessary to prove malpractice in an administrative hearing. In civil trials, the plaintiffs generally must introduce expert testimony to establish that a doctor has failed to use ordinary care. RSA 507-C:2 I (Supp. 1979); *see Folger v. Corbett*, 118 N.H. 737, 738, 394 A.2d 63, 63–64 (1978). Expert testimony is necessary in civil cases because issues such as ordinary care generally are not within the competence of the average juror. *Id.* In the present case, the decision-maker is a body specially composed to decide dental malpractice cases. Like other

administrative bodies whose jurisdiction is limited to particular types of cases, the standard of ordinary care is within the competence of the board and, for this reason, expert testimony is not always necessary.

■ Dr. Beyer contends that the conduct of the board's counsel was improper. We have reviewed the record and find that counsel acted properly. It was the role of counsel to advise the board on matters arising during the course of the hearing. The record indicates that the board understood the proper utilization of counsel. It also indicates that counsel did not participate in the decision-making process.

■■ Dr. Beyer complains that the board should have discontinued the hearing when the complainants withdrew their complaint and that the failure to do so constituted a violation of due process. We hold that the board had the authority to continue the hearing after the withdrawal of the complainants. The purpose of RSA chapter 317-A is to protect the public health and safety. RSA 317-A:1 (Supp. 1981). The hearing was initiated on the complaint of the Bowleses in accordance with RSA 317-A:18. Even though the complainants withdrew, the board still had a duty to continue its investigation if it believed it was necessary to protect the public health and safety.

■ Dr. Beyer alleges that the board improperly performed investigatory, prosecutorial and adjudicative functions and that this combination of roles violated due process. The record does not support Dr. Beyer's argument that the board performed prosecutorial functions. Moreover, the law is clear that the mere combination of investigatory and adjudicative roles in an administrative body does not violate due process. *Withrow v. Larkin*, 421 U.S. at 47–55; *Scarborough v. Arnold*, 117 N.H. 803, 809, 379 A.2d 790, 794 (1977).

■ Dr. Beyer argues that the board placed the burden of proof upon him and that this constituted a violation of due process. The record indicates that the board clearly understood that the complainants had the burden of proof, and that the burden of proof was properly allocated during the hearing.

■ Dr. Beyer further alleges that the board improperly continued and concluded the hearing on July 7, 1980, when neither he nor his counsel was able to attend. Dr. Beyer sent a motion for continuance of the July 7 hearing to the board, but the board did not receive the motion before the hearing. The holding of the hearing did not constitute a denial of due process. It was Dr. Beyer's

responsibility to ensure that the board received his motion and to determine if the board had acted upon it. He did not do so. The board could properly conclude the hearing despite the absence of Dr. Beyer.

██ ██ Dr. Beyer argues that members of the board were biased. Bias is not presumed. Unless he makes a showing to the contrary, the board members are presumed to be "men of conscience . . . capable of judging a particular controversy fairly. . . ." *Withrow v. Larkin*, 421 U.S. at 55. Dr. Beyer has made no showing that the board members were biased. He was given the opportunity to take the depositions of the board members and was unable to demonstrate any bias.

██ Dr. Beyer also claims that the alleged bias of the board member who recused himself after the hearing in federal court infected the entire board. We reject this argument. He was required to make a showing that board members were biased, but he has failed to do so.

██ Finally, Dr. Beyer argues that there is no reasonable basis upon which the board's decision can be sustained. We have reviewed the record, and we find there was sufficient evidence to support the board's finding. *See* RSA 541:13.

*Affirmed.*

All concurred.