**Walter CARLSON, Diane Carlson**

v.

**John GROBMAN, M.D.**

**Civ. No. 89–465–S.**

United States District Court,
D. New Hampshire.

July 2, 1990.

**32**

Frederic N. Halstrom, Boston, Mass., for plaintiffs.

E. Tupper Kinder, Concord, N.H., for defendant.

ORDER

STAHL, District Judge.

In this medical malpractice action, plaintiffs Walter and Diane Carlson, allege that defendant, Dr. John Grobman, negligently diagnosed and treated injuries sustained by Walter Carlson after he was involved in an airplane crash. The case is before the Court on defendant's motion for summary judgment. For the reasons which follow, defendant's motion is granted.

*Background*

Plaintiffs Walter and Diane Carlson, husband and wife, are Massachusetts residents. On July 21, 1985, plaintiff Walter Carlson was involved in an airplane accident in New Hampshire. As a result of injuries he sustained in that mishap, plaintiff was admitted to Lakes Region General Hospital and placed under the care of Dr. John Grobman, M.D., who performed numerous diagnostic and surgical procedures on him.[1]

It is alleged that plaintiff initially became aware of a back injury on November 17, 1988, during consultation with Dr. Joseph McCarthy, M.D., of Sports Medicine in Brookline, Massachusetts. Dr. McCarthy determined that plaintiff had a compression fracture at the third lumbar vertebral body and second degree spondylolisthesis at the fifth vertebral body. Plaintiff was referred to Dr. William Southmayd, M.D., also of Sports Medicine in Brookline.

After examining plaintiff, Dr. Southmayd concluded that "this patient [plaintiff] sustained two severe injuries during the plane crash. One was to his lumbar spine and the other to his left femur. Both conditions are at an end result and he has a permanent loss of function". Report of William Southmayd, M.D., Plaintiffs' Exhibit C. Plaintiff is under the continuing care of Dr. Southmayd.

On September 29, 1989, plaintiffs Walter and Diane Carlson filed this suit against Lakes Region General Hospital and Dr. Grobman alleging negligence in diagnosing the back injuries and a loss of consortium claim. On April 6, 1990 a stipulation dismissing the plaintiffs' claims with prejudice against the Lakes Region General Hospital was filed with this Court.

*Discussion*

Defendant Dr. Grobman has filed a motion for summary judgment, the basis for which is that the plaintiffs have failed to disclose expert opinions supporting their medical negligence claim.

At the time of the preliminary pretrial it was ordered that by January 16, 1990 plaintiff disclose to defendants its experts and experts' written reports, medical and economic. On or about January 19, 1990, defendant received plaintiffs' disclosure of experts as required by order of the Court and responses of the plaintiff to interrogatories propounded by defendant. A review

1. In July, 1988, plaintiff Walter Carlson filed suit against Lakes Region General Hospital and Dr. Grobman, alleging negligent treatment of a fractured femur sustained in the airplane accident. Plaintiff, during the pendency of that action, did not identify an expert medical witness for purposes of testimony concerning the defendant Grobman's malpractice. Subsequent-

ly, plaintiff agreed to a voluntary dismissal without prejudice as to that suit and this Court entered judgment accordingly on June 30, 1989. Although the instant case is plaintiffs' second filing relating to the airplane incident of July 21, 1985, the disposition of the earlier suit in no way affects the outcome of the present litigation.

of the summary judgment materials fails to discern any expert medical opinion supporting plaintiffs' allegations that defendant failed to comply with the applicable standard of care for medical treatment.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The burden is on the moving party to establish the lack of a genuine, material, factual issue, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir.1986), and the Court must view the record in the light most favorable to the nonmovant, according the nonmovant all beneficial inferences discernable from the evidence, *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988). Summary judgment is proper when, after adequate time for discovery, the party against whom judgment is sought fails to show sufficient basis for the establishment of an essential element of its case. *Kauffman v. Puerto Rico Tel. Co.*, 841 F.2d 1169, 1172 (1st Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) and *Moody v. Maine Central R.R. Co.*, 823 F.2d 693, 694 (1st Cir.1987)).

■ Defendant, in his motion for summary judgment, argues that "[i]t is well established under New Hampshire law, that an action alleging medical negligence must be supported by expert testimony wherein a qualified expert testifies that the defendant medical care provider failed to comply with reasonable standards of medical care in his treatment of the plaintiff". Defendant's Memorandum in Support of Motion for Summary Judgment at 4. This is a correct statement of the law in this jurisdiction. *See generally, Folger v. Corbett*, 118 N.H. 737, 394 A.2d 63 (1978) (ordinary care must depend on expert testimony); *Appeal of Beyer*, 122 N.H. 934, 453 A.2d 834 (1982) (in civil trials, the plaintiffs generally must introduce expert testimony to establish that a doctor has failed to use ordinary care).

■ Plaintiffs have submitted reports of Drs. McCarthy and Southmayd, both of whom assert that plaintiff, Walter Carlson, sustained a back injury. Dr. Southmayd also asserts that the injury occurred during plaintiff's involvement in the plane crash of July, 1985. However, neither expert alleges that defendant failed to comply with reasonable standards of medical care in failing to diagnose or treat plaintiff Walter Carlson's back injury or that the plaintiff's complaints are a result of the treatment received. While plaintiffs argue in their opposition to the motion for summary judgment that they should be allowed additional time for further discovery in order to obtain necessary expert opinion, at some point justice requires closure—discovery is over. It is clear from the record that the individuals identified as plaintiffs' experts have failed to indicate in any way that the defendant doctor is responsible for the plaintiff's alleged condition. (*See*, plaintiffs' opposition to defendant's motion for summary judgment, Exhibits A, B and C).

*Conclusion*

Plaintiffs, through their submissions, have failed in their burden to "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Accordingly, defendant's motion for summary judgment is granted.

SO ORDERED.