**Walter CARLSON, Diane Carlson**

v.

**John GROBMAN, M.D.**

**Civ. No. 89–465–S.**

United States District Court,
D. New Hampshire.

Aug. 20, 1990.

---

Frederic N. Halstrom, Boston, Mass., for plaintiffs.

E. Tupper Kinder, Concord, N.H., for defendants.

**ORDER**

STAHL, District Judge.

Plaintiffs Walter and Diane Carlson brought this medical malpractice action against defendant, Dr. John Grobman. This Court, in an Order dated July 3, 1990, granted defendant's motion for summary judgment. Currently before the Court are plaintiffs' motion for reconsideration and plaintiffs' motion for leave to file supplemental response to expert interrogatories. For the reasons stated hereinbelow, plaintiffs' motions are denied.

*Background*

On July 21, 1985, plaintiff Walter Carlson was involved in an airplane crash in which he sustained injury. He was treated at the Lakes Region General Hospital by defendant, Dr. John Grobman. In July, 1988, plaintiff filed suit against both Lakes Region General Hospital and Doctor Grobman, alleging negligent treatment of a fractured femur sustained in the accident. Plaintiff's wife, Diane Carlson, also filed a claim for damages for loss of consortium. Plaintiffs, having failed to identify experts, subsequently agreed to a voluntary dismissal of the suit and judgment was entered accordingly on June 30, 1989.

Plaintiff avers that he initially became aware of a back injury during a November 17, 1988 consultation with Dr. Joseph McCarthy, M.D., a physician at Sports Medicine in Brookline, Massachusetts. Dr. McCarthy determined that plaintiff had suffered a compression fracture at his third vertebral body and second degree spondylolisthesis at his fifth vertebral body. Dr. McCarthy then referred plaintiff to Dr. William Southmayd, M.D., also of Sports Medicine.

Dr. Southmayd, upon examining plaintiff, concluded that "this patient sustained two severe injuries during the plane crash. One was to his lumbar spine and the other to his left femur. Both conditions are at an end result and he has a permanent loss of function." Report of William Southmayd, M.D., Plaintiffs' Exhibit C.

On September 29, 1989, plaintiffs filed the instant case against Lakes Region Gen-

eral Hospital and Dr. Grobman, asserting negligent misdiagnosis of a back injury. On April 6, 1990, a stipulation of voluntary dismissal, with prejudice, was filed as to Lakes Region General Hospital, leaving Dr. Grobman as the sole defendant.

On December 12, 1989, a preliminary pretrial conference was held. The hearing was conducted by the Magistrate and his Report and Recommendation directed plaintiffs to disclose their medical and economic experts and experts' written reports by January 16, 1990. The Magistrate further directed defendant to disclose his medical and economic experts' and experts written reports by July 15, 1990 and set completion of discovery as January 15, 1991.

On February 20, 1990, defendant filed a motion for summary judgment alleging that:

> [n]one of the materials provided to the defendant, either in the form of (a) expert disclosures in response to the Court's Pretrial Orders, or (b) reponses (sic) to the defendant's interrogatories and discovery requests, contains an opinion by any expert that Dr. Grobman was negligent in any way concerning his treatment of Mr. Carlson.
>
> The time for disclosure of such expert opinions has passed. As a matter of law, the plaintiff must be able to present expert opinion on the issue of compliance with the standard of care in a medical malpractice case. Since the plaintiff cannot now do so in this case, the defendant is entitled to judgment in his favor as a matter of law.

Defendant's Motion for Summary Judgment, ¶¶ 11, 12.

Opposing defendant's request, plaintiffs maintained that "John Grobman, M.D., failed to exercise the degree of care and skill of the average member of the medical profession practicing in his specialty." Plaintiffs' Opposition to Defendant's Motion at 2. Plaintiffs further averred that defendant's motion was "within two months of the pretrial order. The plaintiffs assert that they must be given the opportunity to complete discovery and fully develop their *prima facie* case. Without adequate opportunity for discovery, including the defendant's deposition, the plaintiffs will be unable to refine and develop their case." Plaintiffs' Opposition to Defendant's Motion at 3–4.

In its decision the Court noted that under New Hampshire law, an action alleging medical negligence must be supported by expert testimony. This consists of a qualified expert's testimony that defendant medical care provider failed to comply with reasonable standards of medical care in his treatment of plaintiff. *See generally*, NH RSA 507–C:2 I (Supp.1979); *Folger v. Corbett*, 118 N.H. 737, 394 A.2d 63 (1978) (ordinary care must depend on expert testimony); *Appeal of Beyer*, 122 N.H. 934, 453 A.2d 834 (1982) (in civil trials, the plaintiffs generally must introduce expert testimony to establish that a doctor has failed to use ordinary care).

Granting defendant's motion for summary judgment, the Court found that

> [p]laintiffs have submitted reports of Drs. McCarthy and Southmayd, both of whom assert that plaintiff, Walter Carlson, sustained a back injury. Dr. Southmayd also asserts that the injury occurred during plaintiff's involvement in the plane crash of July, 1985. However, neither expert alleges that defendant failed to comply with reasonable standards of medical care in failing to diagnose or treat plaintiff Walter Carlson's back injury or that the plaintiff's complaints are a result of the treatment received. While plaintiffs argue in their opposition to the motion for summary judgment that they should be allowed additional time for further discovery in order to obtain necessary expert opinion, at some point justice requires closure— discovery is over. It is clear from the record that the individuals identified as plaintiffs' experts have failed to indicate in any way that the defendant doctor is responsible for the plaintiff's alleged condition.

Order dated July 2, 1990 at 5–6.

*Discussion*

Plaintiffs ask this Court to reconsider its prior grant of summary judgment in favor

of defendant. Summary judgment is proper when, after adequate time for discovery, the party against whom judgment is sought fails to show sufficient basis for the establishment of an essential element of its case. *Kauffman v. Puerto Rico Tel. Co.*, 841 F.2d 1169, 1172 (1st Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) and *Moody v. Maine Central R.R. Co.*, 823 F.2d 693, 694 (1st Cir.1987)).

Plaintiffs and defendant were represented at the pretrial conference before the Magistrate. This conference was conducted pursuant to Rule 16 of the Federal Rules of Civil Procedure. The pretrial conference is not an informal meeting at which those involved may act without concern for future consequences. Rather, it is a tool to increase the efficiency of the trial process. The Report and Recommendation prepared by the Magistrate summarizing the pretrial conference "shall control the subsequent course of the action unless modified by a subsequent order." *Fed.R.Civ.Proc.* 16(e)

In support of their motion for reconsideration, plaintiffs maintain that

[p]laintiff was duly examined by Dr. Southmayd. However, despite repeated efforts by counsel for plaintiff, due to Dr. Southmayd's heavy schedule of surgery, Dr. Southmayd failed to write an updated opinion letter as requested by plaintiff and his counsel. Repeated telephone calls to Dr. Southmayd were unavailing due to his surgery schedule ... On June 29, 1990 a further telephone call from counsel for plaintiff revealed that [Dr. Southmayd's] updated medical report had been dictated and would be signed by Dr. Southmayd on Monday, July 2, 1990.... The Order of this Court, although entered on July 2, 1990, was not received by counsel for plaintiff until July 5, 1990. It appears that the Order of this Court and the updated medical report of Dr. Southmayd crossed in the mail.... The updated medical report of Dr. Southmayd clearly shows sufficient indication of negligence by Dr. Grobman to withstand a Motion for Summary Judgment and require that this case go forward to trial. It is manifestly unfair and contrary to justice to penalize the plaintiff for the inefficiency and tardiness of his expert ...

Plaintiff's Motion for Reconsideration ¶¶ 3-6.

Plaintiffs had an obligation to disclose their experts written reports to defendant no later than January 16, 1990 pursuant to the Magistrate's Report and Recommendation. Plaintiffs did not comply with this direction. "The Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985).

This Court does not look kindly on plaintiffs' noncompliance with the Magistrate's discovery schedule, especially in light of Fed.R.Civ.P. 16 and local rule 10, and the fact that plaintiffs' counsel was present at the pretrial conference and agreed to the dates set at that time. In this light, the Court denies plaintiffs' request for reconsideration. *See generally, Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir.1990) (Court of Appeals will not lightly disturb district court's enforcement of scheduling deadlines scheduling mistake in counsel's office is not satisfactory explanation for party's failure to designate expert witnesses); *Cf. Bradley v. U.S.*, 866 F.2d 120 (5th Cir.1989) (Allowing defendant to designate its expert witnesses out-of-time and to offer their testimony at trial of medical malpractice action constituted abuse of discretion, though plaintiffs were not "surprised" in classic sense insofar as they had sufficient notice to depose experts prior to trial).

On February 20, 1990, the date defendant filed his motion for summary judgment, plaintiffs were put on notice that their expert opinions were already late. Plaintiffs notified neither defendant nor this Court in their March 9, 1990 opposition to defendant's motion that a letter or any other expert report was forthcoming. Similarly, in their April 6 correspondence with the Court (voluntarily dismissing Lakes Region General Hospital), plaintiffs made no mention of the omitted information. Plain-

tiffs informed this Court of the arrival of the necessary expert letter only after summary judgment had been granted against them.

Plaintiffs make a very detailed analysis of their attempts to get the necessary expert letter during June and July 1990. However, they offer no explanation of the fact that the report was already five months late at that time. Plaintiffs could have requested an extension of the deadline or put the Court on notice that an expert report was forthcoming. The Court notes that in the first medical malpractice case plaintiffs brought against defendant, plaintiffs did file a motion requesting relief from the discovery schedule with regard to the disclosure of experts. *See, Carlson, et. al. v. Grobman, et al.,* No. 88–0306 (Dismissed without prejudice June 30, 1989). In the case at bar they did nothing and now seek to blame their untimely filings on the "inefficiency and tardiness" of Dr. Southmayd.

Plaintiff comments that "the interest of justice manifestly require that the plaintiff have his day in Court." Plaintiffs' Motion for Reconsideration ¶ 6. The Court reminds plaintiff that justice must be available to both sides to the litigation. Finally, the Court disagrees with plaintiffs' fortuitous statement that defendant has not been prejudiced; plaintiffs' untimely compliance with the discovery order amounts to the cutting in half of defendant's discovery period.

*Conclusion*

This Court is cognizant of the apparent harsh result in this decision; dismissal of plaintiffs' case. However, due to plaintiffs' failure to comply with the pretrial schedule, plaintiffs' failure to notify the Court of their allegedly pending expert report, and plaintiffs' failure to seek an extension of time within which to supply the missing opinion, dismissal is nonetheless in order. "The fact that sanctions less drastic than dismissal existed is immaterial." *Morgan v. Massachusetts General Hospital,* 901 F.2d 186, 195 (1st Cir.1990). *See, Rys v. U.S. Postal Service,* 886 F.2d 443, 448 (1st Cir.1989).

For the reasons stated hereinabove, plaintiffs' motion for reconsideration is denied and plaintiffs' motion to file supplemental answers is denied as moot.

SO ORDERED.